**William F. Gary, OSB #770352**
**william.f.gary@harrang.com**
**C. Robert Steringer, OSB #983514**
**bob.steringer@harrang.com**
**Graham M. Sweitzer, OSB #025866**
**graham.sweitzer@harrang.com**
Harrang Long Gary Rudnick P.C.
1050 SW Sixth Avenue, Suite 1600
Portland, OR 97204
Telephone:    503-242-0000
Facsimile:    503-241-1458
Of Attorneys for Defendant CURA CS LLC

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **BRIAN BLACKFORD and WILLIAM STAHR, individually and on behalf of all others similarly situated,** | Case No. |
| Plaintiffs, | **DECLARATION OF GRAHAM M. SWEITZER IN SUPPORT OF NOTICE OF REMOVAL** |
| vs. | |
| **CURA CS LLC,** | |
| Defendant. | |

I, GRAHAM S. SWEITZER, declare the following statements are true to the best of my knowledge and belief.

1.     I am one of the attorneys representing Defendant Cura CS LLS.  I have personal knowledge of, and am competent to testify to the following information.

Page 1 – **DECLARATION OF GRAHAM M. SWEITZER IN SUPPORT OF NOTICE OF REMOVAL**

2.      Attached as Exhibit 1 is a true and accurate copy of the May 18, 2020 Class

Action Complaint filed in *Blackford et al v. Cura CS, LLC,* Multnomah County Circuit Court,

Case No. 20CV18270 (the "State Court Action").

3.      Attached as Exhibit 2 is a true and accurate copy of the Declaration of Service,

Declaration of Mailing and Summons filed by the Plaintiffs in the State Court Action.  As noted,

the Plaintiff's contend they served Defendant Cura CS LLS with the Summons and Complaint

from the State Court action on May 20, 2020.

4.      Plaintiff did not serve any additional process documents, pleadings or other

documents on Defendant Cura CS LLS.

5.      Pursuant to 28 USC § 1746, I declare under penalty of perjury that the statements

in this declaration are true and correct to the best of my knowledge.

DATED this 18th day of June, 2020.


By:    s/ Graham M. Sweitzer
       Graham M. Sweitzer, OSB #025866
       Of Attorneys for Defendant CURA CS LLC

1

2

3        IN THE CIRCUIT COURT OF THE STATE OF OREGON

4        FOR THE COUNTY OF MULTNOMAH

5   BRIAN BLACKFORD, and WILLIAM          Case No.
    STAHR, individually and on behalf of all others
6   similarly situated,                    **CLASS ACTION COMPLAINT**

7                    Plaintiffs,            Claim Not Subject to Mandatory Arbitration

8        v.                                 Filed Under ORS 21.160(e) (amount
                                            claimed exceeds $10 million)
9   CURA CS LLC,
                                            Filing Fee:  $1,178.00
10                   Defendant.

11

12       Plaintiffs Brian Blackford and William Stahr allege:

13       **PLAINTIFFS AND THE CLASSES THEY REPRESENT**

14                            1.

15       Plaintiff Brian Blackford is a citizen of Oregon who resides in Portland, Oregon.

16   Throughout 2019 and 2020, Plaintiff Blackford purchased many of Defendant's Select Elite

17   branded THC vaporization ("vape") products (the "Select Elite Products" or "THC Products").

18   Most recently, Plaintiff Blackford purchased Select Elite THC vape cartridges from Green

19   Planet in Portland, Oregon in March 2020.  Before purchasing his Select Elite Products,

20   Plaintiff Blackford reviewed information about the Products, including the quantity of THC

21   purportedly contained in each.  When purchasing his THC Products, Plaintiff Blackford also

22   reviewed the accompanying labels, disclosures, warranties, and marketing materials, and

23   understood them as representations and warranties by Defendant that the Products contained

24   the quantities of THC advertised.  Plaintiff Blackford relied on these representations and

25   warranties in deciding to purchase Defendant's THC Products over comparable products.

26   Accordingly, these representations and warranties were part of the basis of the bargain, in that

Page 1  –     CLASS ACTION COMPLAINT          LARKINS VACURA KAYSER LLP
                                              121 SW Morrison St., Suite 700
                                              Portland, OR 97204
                                              (503) 222-4424

Exhibit 1
Page 1 of 26

1    he would not have purchased the THC Products on the same terms had he known these

2    representations were not true.  Plaintiff Blackford remains interested in purchasing THC

3    products and would consider Select Elite Products in the future if Defendant filled the products

4    with the amount of THC advertised.  In making his purchases, Plaintiff Blackford paid a

5    substantial price premium due to the false and misleading claims concerning the purported

6    quantity of THC in the Select Elite Products (the "THC Claims").  However, Plaintiff

7    Blackford did not receive the benefit of his bargain, because Defendant's THC Products do not

8    contain anywhere near the quantities of THC advertised.  Plaintiff Blackford also understood

9    that in making the sale, his retailer was acting with the knowledge and approval of Defendant

10   and/or as the agent of Defendant.  Plaintiff Blackford further understood that each purchase

11   involved a direct transaction between himself and Defendant, because his THC Products came

12   with packaging and other materials prepared by Defendant, including representations and

13   warranties regarding the THC Claims.

14                                              2.

15         Plaintiff William Stahr is a citizen of California who resides in Garden Valley,

16   California. Throughout 2019 and 2020, Plaintiff Stahr purchased many of Defendant's Select

17   Elite Products.  Most recently, Plaintiff Stahr purchased Select Elite THC cartridges from Pure

18   Life Collective in Diamond Springs, California in March 2020.  Before purchasing his Select

19   Elite Products, Plaintiff Stahr reviewed information about the Products, including the quantity

20   of THC purportedly contained in each.  When purchasing his THC Products, Plaintiff Stahr

21   also reviewed the accompanying labels, disclosures, warranties, and marketing materials, and

22   understood them as representations and warranties by Defendant that the Products contained

23   the quantities of THC advertised. Plaintiff Stahr relied on these representations and warranties

24   in deciding to purchase Defendant's THC Products over comparable products.  Accordingly,

25   these representations and warranties were part of the basis of the bargain, in that he would not

26   have purchased the THC Products on the same terms had he known these representations were

LARKINS VACURA KAYSER LLP
121 SW Morrison St., Suite 700
Portland, OR 97204
(503) 222-4424

**Exhibit 1**
**Page 2 of 26**

1     not true.  Plaintiff Stahr remains interested in purchasing THC products and would consider

2     Select Elite Products in the future if Defendant filled the products with the amount of THC

3     advertised.  In making his purchases, Plaintiff Stahr paid a substantial price premium due to the

4     false and misleading THC Claims.  However, Plaintiff Stahr did not receive the benefit of his

5     bargain, because Defendant's THC Products do not contain anywhere near the quantities of

6     THC advertised.  Plaintiff Stahr also understood that in making the sale, his retailer was acting

7     with the knowledge and approval of Defendant and/or as the agent of Defendant.  Plaintiff

8     Stahr further understood that each purchase involved a direct transaction between himself and

9     Defendant, because his THC Products came with packaging and other materials prepared by

10    Defendant, including representations and warranties regarding the THC Claims.

11                             3.

12          Plaintiffs seek relief in this action individually, and as a class action on behalf of

13    similarly situated purchasers of Defendant's products, for: (i) breach of express warranty;

14    (ii) breach of the implied warranty of merchantability; (iii) unjust enrichment; (iv) fraud;

15    (v) violation of Oregon's Unlawful Trade Practices Act ("UTPA"), ORS 646.605, *et seq.*; (vi)

16    violation of California's Consumers Legal Remedies Act ("CLRA"), Cal. Civil Code §§ 1750,

17    *et seq.*; (vii) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof.

18    Code §§ 17200, *et seq.*; and (viii) violation of California's False Advertising Law ("FAL"),

19    Cal. Bus. & Prof. Code §§ 17500, *et seq.*

20                             4.

21          The members of the Classes are:

22        a.     A class of all persons in the United States who purchased Select Elite THC

23                 Products with a THC Claim (the "Class");

24        b.     A subclass of all Class members who purchased Select Elite THC Products with

25                 a THC Claim in Oregon (the "Oregon Subclass"); and

26        c.     A subclass of all Class members who purchased Select Elite THC Products with

Page 3 –     CLASS ACTION COMPLAINT        LARKINS VACURA KAYSER LLP
                                                       121 SW Morrison St., Suite 700
                                                       Portland, OR 97204
                                                       (503) 222-4424

**Exhibit 1**

**Page 3 of 26**

1    a THC Claim in California (the "California Subclass").

2                                    5.

3    Excluded from the Class are persons who made such purchases for the purpose of

4    resale.  Also excluded are Defendant and its affiliates, parents, subsidiaries, employees,

5    officers, agents, and directors as well as any judicial officers presiding over this matter and the

6    members of their immediate families and judicial staff.

7                                    6.

8    Plaintiffs may sue as representative parties on behalf of all the members of the Class

9    because: (a) the class is so numerous that joinder of all members is impracticable; (b) there are

10   questions of law or fact common to the class; (c) the claims or defenses of the representative

11   parties are typical of the claims or defenses of the class; (d) the representative parties will fairly

12   and adequately protect the interest of the class; and (e) representative parties have complied

13   with the prelitigation notice provisions of ORCP 32 H.

14                                   7.

15   This action may be maintained as a class action because, in addition to satisfying the

16   prerequisites alleged in ¶ 7, a class action is superior to other available methods for the fair and

17   efficient adjudication of the controversy.

18                        **DEFENDANT CURA CS LLC**

19                                   8.

20   Defendant Cura CS LLC ("Cura") is an Oregon limited liability company that at all

21   material times maintained its principal place of business in Portland, Oregon, where it has been

22   registered to do business since 2015.  Cura manufactures, sells, and nationally distributes Select

23   Elite THC cartridges, and is responsible for the advertising, marketing, and packaging of Select

24   Elite THC cartridges.  Cura manufactured, marketed, and sold the Select Elite Products during

25   the relevant Class period.  The planning and execution of the advertising, marketing, labeling,

26   //

Page 4  –    CLASS ACTION COMPLAINT          LARKINS VACURA KAYSER LLP
                                             121 SW Morrison St., Suite 700
                                             Portland, OR 97204
                                             (503) 222-4424

Exhibit 1
Page 4 of 26

1  packaging, testing, and/or business operations concerning the Select Elite Products and the

2  THC Claims was primarily carried out at Cura's headquarters and facilities within Oregon, as is

3  most, or all, of the Select Elite Products' manufacturing and assembly.  Cura also proudly

4  represents its Oregon heritage in its advertising:



## JURISDICTION AND VENUE

9.

This Court has jurisdiction over Defendant under ORCP 4.  Venue in Multnomah

County is proper under ORS 14.090 because part of the causes of action alleged arose in

Multnomah County.

## FACTUAL ALLEGATIONS

**A.     A General Explanation of THC Products**

10.

Tetrahydrocannabinol ("THC") is a natural compound found in cannabis plants.  It is a

highly sought-after cannabinoid, commonly found in vape cartridges, edibles, oils, capsules and

tinctures.  Consumers desire THC because it is chemically similar to human endocannabinoids

//

Page 5 –     CLASS ACTION COMPLAINT

LARKINS VACURA KAYSER LLP
121 SW Morrison St., Suite 700
Portland, OR 97204
(503) 222-4424

Exhibit 1
Page 5 of 26

1    and interacts with the endocannabinoid system such that it helps regulate sleep, mood, appetite,

2    chronic pain, inflammation, immune responses, motor control, and stress responses.

3                                                    11.

4          In July 2015, Oregon legalized recreational marijuana, permitting personal possession

5    of marijuana products, such as THC vape cartridges.[1]

6                                                    12.

7          In November 2016, California legalized marijuana, allowing adults 21 years and older

8    to possess up to one ounce of marijuana or eight grams of concentrated cannabis products.[2]

9    **B.      The Select Elite Vaping Cartridges**

10                                                   13.

11         The Select Elite Products at issue are the Select Elite THC vape cartridges which all

12   prominently advertise "80%-95%" potency and/or 0.5g or 1g THC content total.[3]

13                                                   14.

14         Defendant contends that its Select Elite Products are "[t]he best selling cannabis oil in

15   its class:"



---

[1] https://www.oregon.gov/olcc/marijuana/pages/faqs-personal-use.aspx (last accessed April 16, 2020).

[2] https://www.sccgov.org/sites/ceo/Pages/adult-marijuana-act-AUMA.aspx (last accessed April 16, 2020).

[3] https://www.selectcannabis.com/products (last accessed April 16, 2020).

Page 6 –       CLASS ACTION COMPLAINT

LARKINS VACURA KAYSER LLP
121 SW Morrison St., Suite 700
Portland, OR 97204
(503) 222-4424

**Exhibit 1**
**Page 6 of 26**

15.

Consumers purchase vape cartridges because it allows them to consume THC in an easy, discreet manner, and it is traditionally considered a healthier alternative to traditional smoking.  Vaporization heats THC concentrate to a temperature that turns active compounds (THC) into vapor without the release of harmful tar and carcinogens.

16.

Defendant prominently represents the purported cannabinoid (*i.e.* THC and CBD) content of the Product on the labeling and packaging of every Select Elite Product, in both milligrams ("mg") and percentages:




//
//
//
//
//

Page 7  –      CLASS ACTION COMPLAINT

LARKINS VACURA KAYSER LLP
121 SW Morrison St., Suite 700
Portland, OR 97204
(503) 222-4424

Exhibit 1
Page 7 of 26

1          17.

2          Further, every package promises that "Select Elite elevates your cannabis enjoyment to

3    a higher level with luxurious terpene-infused oil," and that Select Elite Products "pack[ ] a

4    powerful punch with our highest levels of … THC:"



25    //

26    //

Page 8  –          CLASS ACTION COMPLAINT

LARKINS VACURA KAYSER LLP
121 SW Morrison St., Suite 700
Portland, OR 97204
(503) 222-4424

**Exhibit 1**
**Page 8 of 26**

18.

Defendant also claims that its Select Elite Products "include[ ] consistent, full flavor cannabis-derived terpenes no matter where your day or night takes you:"




19.

Moreover, all of Defendant's Select Elite Products are substantially similar. They all share the same internal packaging representations and every package is required to include its THC and CBD content:



LARKINS VACURA KAYSER LLP
121 SW Morrison St., Suite 700
Portland, OR 97204
(503) 222-4424

Exhibit 1
Page 9 of 26

**C.**    **Defendant's Products Do Not Contain The Quantity Of THC**
          **They Are Labeled To Contain**

20.

The THC Claims are false and misleading.  Independent lab testing reveals that the true quantity of THC in the Select Elite Products is only a small fraction of Defendant's representations.  Plaintiffs' counsel commissioned independent lab testing of Defendant's products, which show that the Select Elite Products do not contain the amount of THC promised in the THC Claims.  Specifically, Defendant's Select Elite Products contained only 55% THC (*i.e.*, 550 mg), despite promising they would contain 76.9% THC (*i.e.*, 769 mg). This represents an underfilling of 28.48%.

21.

Defendant knew that the THC Claims are false and misleading, yet still advertised, labeled, and packaged the THC Products with the false and misleading THC Claims by permanently marking the Select Elite Products with their purported THC content.

22.

Defendant knowingly prepared the material on its product labels to misrepresent the true quantity of THC in the Select Elite Products.

**FIRST CLAIM FOR RELIEF**
**(Breach of Express Warranty)**

23.

Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

24.

Plaintiffs bring this claim individually and on behalf of the members of the proposed Class and the Subclasses against Defendant.

//

//

Page 10  –    CLASS ACTION COMPLAINT

LARKINS VACURA KAYSER LLP
121 SW Morrison St., Suite 700
Portland, OR 97204
(503) 222-4424

Exhibit 1
Page 10 of 26

25.

1

2      In connection with the sale of the Select Elite Products, Defendant issued written

3  warranties.  Defendant, as the designer, manufacturer, marketer, distributor, and/or seller of the

4  Select Elite Products, expressly warranted that the Products were fit for their intended purpose

5  by making promises and affirmations of fact on their Products' labeling and packaging,

6  including the THC Claims.

26.

7

8      The affirmations of fact and promises made by Defendant to Plaintiffs and the Class and

9  Subclass regarding the Select Elite Products became part of the basis of the bargain between

10  Defendant and Plaintiffs and the Class and Subclasses, thereby creating an express warranty

11  that the Select Elite Products would conform to those affirmations of fact, representations,

12  promises, and descriptions.

27.

13

14      The Select Elite Products do not, in fact, contain the amount of THC promised in the

15  THC Claims.  Instead, the Select Elite Products contain only a fraction of the THC advertised

16  on the Products' labeling and packaging.

28.

17

18      Plaintiffs and members of the Class and Subclasses suffered economic injury as a direct

19  and proximate result of Defendant's breach of warranty because: (a) they would not have

20  purchased the Select Elite Products on the same terms if they had known that the Products had

21  been falsely labeled as alleged herein; (b) they paid a price premium for the Select Elite

22  Products based on Defendant's express warranties; and (c) the Select Elite Products did not

23  have the characteristics, uses, or benefits as promised by Defendant in the THC Claims.  As a

24  result, Plaintiffs and members of the Class and the Subclasses have been damaged either in the

25  full amount of the purchase price of the Select Elite Products or in the difference in value

26  between the Products as warranted and the Products as sold.

Page 11  –      CLASS ACTION COMPLAINT

LARKINS VACURA KAYSER LLP
121 SW Morrison St., Suite 700
Portland, OR 97204
(503) 222-4424

**Exhibit 1**
**Page 11 of 26**

1          29.

2          On April 13, 2020, prior to filing this action, Defendant was served with a pre-suit

3 notice letter that complied in all respects with U.C.C. §§ 2-313 and 2-607.  Plaintiffs' counsel

4 sent Defendant a letter advising it that it breached an express warranty and demanded that it

5 cease and desist from such breaches and make full restitution by refunding the monies received

6 therefrom.  A true and correct copy of Plaintiffs' counsel's letter is attached hereto as

7 Exhibit A.

**SECOND CLAIM FOR RELIEF**
8 **(Breach of Implied Warranty of Merchantability)**

9          30.

10         Plaintiffs hereby incorporate by reference the allegations contained in all preceding

11 paragraphs of this complaint.

12         31.

13         Plaintiffs bring this claim individually and on behalf of the members of the proposed

14 Class and the Subclasses against Defendant.

15         32.

16         Defendant is and was at all relevant times a "merchant" within the meaning of the

17 Uniform Commercial Code ("UCC").  Defendant manufactured, distributed, and marketed the

18 Select Elite Products, which are "good[s]" within the meaning of the UCC.  Consequently,

19 Defendant impliedly warranted that the Select Elite Products were merchantable, including that

20 they could pass without objection in the trade under the contract description, that they were fit

21 for the ordinary purposes for which such goods are used, that they were of fair average quality

22 within the description, that they were adequately labeled, and that they would conform to the

23 promises or affirmations of fact made on the Products' labeling and packaging.  However, each

24 of these implied warranties were false with respect to the goods of the kind sold to Plaintiffs

25 and Class and Subclass members.

26 //

Page 12 –    CLASS ACTION COMPLAINT

LARKINS VACURA KAYSER LLP
121 SW Morrison St., Suite 700
Portland, OR 97204
(503) 222-4424

**Exhibit 1**
**Page 12 of 26**

33.

In reliance upon Defendant's skill and judgment and the implied warranties above, Plaintiffs and Class and Subclass members purchased the THC Products.

34.

The Select Elite Products were not altered by Plaintiffs or Class or Subclass members in a manner that would reduce the quantity of THC the Products contain.

35.

The Select Elite Products were underfilled when they left the exclusive control of Defendant.

36.

Defendant knew the THC Products would be purchased and used by Plaintiffs and members of the Class and Subclasses without additional testing by Plaintiffs and Class and Subclass members. The Select Elite Products were not of fair average quality within their description, were not adequately labeled, and did not conform to the promises or affirmations of fact made on the Products' labels.

37.

More specifically, Defendant breached its implied warranty of merchantability to Plaintiffs, the Class and the Subclasses because the Select Elite Products would not pass without objection in the trade in that they do not conform to the THC Claims made on the Products' labels. Instead, the Select Elite Products contain substantially less THC than they were labeled to contain, and Plaintiffs and Class and Subclass members did not receive the goods as warranted.

38.

Plaintiffs and members of the Class and Subclasses suffered economic injury as a direct and proximate result Defendant's breach of the implied warranty because: (a) they would not have purchased the Select Elite Products on the same terms if they had known that the Products

Page 13 –    CLASS ACTION COMPLAINT

LARKINS VACURA KAYSER LLP
121 SW Morrison St., Suite 700
Portland, OR 97204
(503) 222-4424

**Exhibit 1**
**Page 13 of 26**

1   had been falsely labeled as alleged herein; (b) they paid a price premium for the Select Elite

2   Products based on Defendant's warranties; and (c) the Select Elite Products did not have the

3   characteristics, uses, or benefits as promised by Defendant in the THC Claims.  As a result,

4   Plaintiffs and members of the Class and the Subclasses have been damaged either in the full

5   amount of the purchase price of the Select Elite Products or in the difference in value between

6   the Products as warranted and the Products as sold.

7                    **THIRD CLAIM FOR RELIEF**
                     **(Unjust Enrichment)**

8                                39.

9        Plaintiffs hereby incorporate by reference the allegations contained in all preceding

10  paragraphs of this complaint.

11                               40.

12       Plaintiffs bring this claim individually and on behalf of the members of the proposed

13  Class and the Subclasses against Defendant.

14                               41.

15       Plaintiffs and Class and Subclass members conferred a benefit in the form of monies

16  paid to Defendant by purchasing underfilled Select Elite Products.

17                               42.

18       Defendant voluntarily accepted and retained this benefit.

19                               43.

20       Defendant has been unjustly enriched in retaining the revenues derived from Plaintiffs'

21  and Class and Subclass members' purchases of the Select Elite Products.  Retention of those

22  moneys under these circumstances is unjust and inequitable in light of the misrepresentations of

23  fact made by Defendant in labeling, packaging, marketing, and advertising the Select Elite

24  Products, including the THC Claims.  These misrepresentations caused injuries to Plaintiff and

25  Class and Subclass members because they would not have purchased the Select Elite Products

26  if the true facts had been known.

Page 14 –    CLASS ACTION COMPLAINT            LARKINS VACURA KAYSER LLP
                                               121 SW Morrison St., Suite 700
                                               Portland, OR 97204
                                               (503) 222-4424

**Exhibit 1**
**Page 14 of 26**

44.

Because this benefit was obtained unlawfully, namely by selling and accepting compensation for underfilled THC Products, it would be unjust and inequitable for Defendant to retain it without paying the value thereof. Accordingly, Defendant must pay restitution to Plaintiffs and Class and Subclass members for its unjust enrichment, as ordered by the Court.

**FOURTH CLAIM FOR RELIEF**
**(Fraud)**

45.

Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

46.

Plaintiffs bring this claim individually and on behalf of the members of the proposed Class and the Subclasses against Defendant.

47.

As discussed above, Defendant provided Plaintiffs and Class and Subclass members with false or misleading material information about the Select Elite Products manufactured, distributed, and sold by Defendant. For example, Defendant made promises and affirmations of fact in labeling, packaging, marketing, and advertising the Select Elite Products, including the THC Claims.

48.

As indicated above, however, these representations are false as the Select Elite Products are underfilled and contain less THC than Defendant claims.

49.

The misrepresentations and omissions of material fact made by Defendant, upon which Plaintiffs and Class and Subclass members reasonably and justifiably relied, were intended to induce and actually induced Plaintiffs and Class and Subclass members to purchase the Select Elite Products.

Page 15 –    CLASS ACTION COMPLAINT

LARKINS VACURA KAYSER LLP
121 SW Morrison St., Suite 700
Portland, OR 97204
(503) 222-4424

**Exhibit 1**
**Page 15 of 26**

50.

Defendant knew the THC Claims were false, but continued to manufacture and sell underfilled Select Elite Products in the retail and wholesale markets while labeling them with the THC Claims.

51.

During the relevant time period, Plaintiffs and Class and Subclass members were unaware that the Select Elite Products were underfilled.

52.

The fraudulent actions of Defendant caused damage to Plaintiffs and Class and Subclass members, who are entitled to damages and other legal and equitable relief as a result.

**FIFTH CLAIM FOR RELIEF**
**(Violation Of The Oregon Unlawful Trade Practices Act,**
**ORS 646.605,** *et seq.***)**

53.

Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

54.

Plaintiffs bring this claim individually and on behalf of members of the Class against Defendant.  Plaintiff Blackford also brings this claim individually and on behalf of members of the Oregon Subclass against Defendant.

55.

Defendant is a "person" within the meaning of ORS 646.605(4).

56.

Plaintiffs and members of the Class and Oregon Subclass are not experts with independent knowledge of the nature, level, or amount of THC contained in Select Elite Products generally.  Plaintiffs and members of the Class and Oregon Subclass are not experts with independent knowledge of the THC extraction or testing process generally.

Page 16 –     CLASS ACTION COMPLAINT

LARKINS VACURA KAYSER LLP
121 SW Morrison St., Suite 700
Portland, OR 97204
(503) 222-4424

**Exhibit 1**
**Page 16 of 26**

57.

Select Elite Products constitute "real estate, goods or services" within the meaning of ORS 646.605 because, as to Plaintiffs and members of the Class and Oregon Subclass, the Products were obtained primarily for personal, family, or household purposes.

58.

Defendant's actions, representations, and conduct have violated, and continue to violate provisions of ORS 646.608, including paragraphs (e), (g), (i), and (t), among others, because Defendant not only represented that the Select Elite Products have characteristics, uses, benefits, qualities, and quantities that they do not have, but also failed to disclose that Select Elite Products do not conform to their label representations, including the representations regarding the standard, quality, and grade of the Products' THC content. Defendant's actions, representations, and conduct also violated and continue to violate ORS 646.608(u), because Defendant's conduct violates OAR 845-025-7030(2)(a); OAR 845-025-1300(1)(j); OAR 845-025-8540(2)(a)(C). Defendant's representation that the Select Elite Products contain the amount of THC advertised, when they in fact do not, make such advertising false and misleading to a reasonable consumer, including Plaintiffs and members of the Class and Oregon Subclass, because Select Elite Products in fact contain less THC than advertised, thereby making the Products underfilled. Further, Defendant's overstatement of the amount of THC in Select Elite Products makes such advertising false and misleading to a reasonable consumer, including to Plaintiffs and members of the Class and Oregon Subclass.

59.

Defendant's violations of the UTPA were reckless, knowing, and/or willful in that Defendant knew or should have known that its representations and nondisclosures regarding the Select Elite Products' THC content were false and misleading and violated the UTPA.

60.

Plaintiffs and members of the Class and the Oregon Subclass suffered economic injury

Page 17 –    CLASS ACTION COMPLAINT

LARKINS VACURA KAYSER LLP
121 SW Morrison St., Suite 700
Portland, OR 97204
(503) 222-4424

Exhibit 1
Page 17 of 26

1    as a direct result Defendant's UTPA violations because: (a) they would not have purchased the

2    Select Elite Products on the same terms if they had known that the Products were falsely

3    labeled as alleged herein; (b) they paid a price premium for the Select Elite Products based on

4    Defendant's representations; and (c) the Select Elite Products did not conform to the promises

5    made by Defendant in the THC Claims.  As a result, Plaintiffs and members of the Class and

6    the Oregon Subclass have been damaged either in the full amount of the purchase price of the

7    Select Elite Products or in the difference in value between the Products as warranted and the

8    Products as sold.

9                                    61.

10          As a result of Defendant's unlawful trade practices, Plaintiffs and Class and Oregon

11   Subclass members incurred an ascertainable loss and are entitled to recover actual damages or

12   statutory damages in the amount of $200, along with any other appropriate equitable relief

13   deemed necessary or proper.

14                                   62.

15          Plaintiffs hereby notify Defendant that Plaintiffs and Class and Oregon Subclass

16   members intend to seek to amend this Complaint to assert a request for an award of punitive

17   damages.

18                                   63.

19          For the above violations, Plaintiffs and Class and Oregon Subclass members are entitled

20   to their attorneys' fees and costs under ORS 646.638(3).

21                      **SIXTH CLAIM FOR RELIEF**
                **(Violation Of The California Consumers Legal Remedies Act,**
22                     **Cal. Civ. Code §§ 1750, *et seq.*)**

23                                   64.

24          Plaintiffs hereby incorporate by reference the allegations contained in all preceding

25   paragraphs of this complaint.

26   //

Page 18 –       CLASS ACTION COMPLAINT            LARKINS VACURA KAYSER LLP
                                                  121 SW Morrison St., Suite 700
                                                  Portland, OR 97204
                                                  (503) 222-4424

**Exhibit 1**
**Page 18 of 26**

1                        65.

2         Plaintiff Stahr brings this claim individually and on behalf of the members of the

3  proposed California Subclass against Defendant.

4                        66.

5         California's Consumers Legal Remedies Act, Cal. Civ. Code § 1770(a)(5), prohibits

6  "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients,

7  uses, benefits, or quantities which they do not have or that a person has a sponsorship,

8  approval, status, affiliation, or connection which he or she does not have."

9                        67.

10        California's Consumers Legal Remedies Act, Cal. Civ. Code § 1770(a)(7), prohibits

11  "[r]epresenting that goods or services are of a particular standard, quality, or grade, or that

12  goods are of a particular style or model, if they are of another."

13                       68.

14        California's Consumers Legal Remedies Act, Cal. Civ. Code § 1770(a)(9), prohibits

15  "[a]dvertising goods or services with intent not to sell them as advertised."

16                       69.

17         Defendant violated these provisions by making the misrepresentations alleged above,

18  including the THC Claims.

19                       70.

20         Plaintiff Stahr and the California Subclass suffered economic injury as a direct and

21  proximate result Defendant's violation because: (a) they would not have purchased the Select

22  Elite Products on the same terms if they had known that the Products were falsely labeled as

23  alleged herein; (b) they paid a price premium compared to products without the

24  misrepresentations alleged herein; and (c) the Select Elite Products did not have the

25  characteristics, ingredients, uses, benefits, or quantities as promised.

26  *//*

Page 19 –    CLASS ACTION COMPLAINT       LARKINS VACURA KAYSER LLP
121 SW Morrison St., Suite 700
Portland, OR 97204
(503) 222-4424

**Exhibit 1**
**Page 19 of 26**

1

71.

2      On or about April 13, 2020, prior to filing this action, a CLRA notice letter was served

3  on Defendant that complies in all respects with California Civil Code § 1782(a).  Plaintiff

4  Stahr's counsel sent Defendant a letter via certified mail, return receipt requested, advising

5  Defendant that it is in violation of the CLRA and demanding that Defendant cease and desist

6  from such violations and make full restitution by refunding the monies received therefrom.  A

7  true and correct copy of Plaintiff Stahr's counsel's letter is attached hereto as <u>Exhibit A</u>.

8

72.

9      On behalf of himself and other members of the California Subclass, Plaintiff Stahr seeks

10 to enjoin the unlawful acts and practices described herein.

11                **SEVENTH CLAIM FOR RELIEF**
                 **(Violation Of The California Unfair Competition Law,**
12                **Cal. Bus. & Prof. Code §§ 17200, *et seq.*)**

13

73.

14     Plaintiffs hereby incorporate by reference the allegations contained in all preceding

15 paragraphs of this complaint.

16

74.

17     Plaintiff Stahr brings this claim individually and on behalf of the members of the

18 proposed California Subclass against Defendant.

19

75.

20     Defendant is subject to California's Unfair Competition Law, Cal. Bus. & Prof. Code

21 §§ 17200, *et seq.*  The UCL provides, in pertinent part: "Unfair competition shall mean and

22 include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or

23 misleading advertising …."

24

76.

25     Defendant's misrepresentations and other conduct, described herein, violated the

26 //

Page 20 –     CLASS ACTION COMPLAINT

LARKINS VACURA KAYSER LLP
121 SW Morrison St., Suite 700
Portland, OR 97204
(503) 222-4424

**Exhibit 1**
**Page 20 of 26**

1   "unlawful" prong of the UCL by violating the CLRA as described herein; the FAL as described

2   herein; and Cal. Com. Code § 2607.

3                                              77.

4          Defendant's misrepresentations and other conduct, described herein, violated the

5   "unfair" prong of the UCL in that Defendant's conduct is substantially injurious to consumers,

6   offends public policy, and is immoral, unethical, oppressive, and unscrupulous, as the gravity

7   of the conduct outweighs any alleged benefits.

8                                              78.

9          Defendant violated the "fraudulent" prong of the UCL by making misrepresentations

10  about the Select Elite Products, as described herein.

11                                             79.

12         Plaintiff Stahr and the California Subclass suffered economic injury as a direct and

13  proximate result Defendant's violation because: (a) they would not have purchased the Select

14  Elite Products on the same terms if they had known that the Products had been falsely labeled

15  as alleged herein; (b) they paid a price premium compared to products without the

16  misrepresentations alleged herein; and (c) the Select Elite Products did not have the

17  characteristics, ingredients, uses, benefits, or quantities as promised.

18                                             80.

19         On behalf of himself and other members of the California Subclass, Plaintiff Stahr seeks

20  to enjoin the unlawful acts and practices described herein and to recover actual damages,

21  restitution, and reasonable attorneys' fees.

22                          **EIGHTH CLAIM FOR RELIEF**
                       **(Violation Of The California False Advertising Law,**
23                       **Cal. Bus. & Prof. Code §§ 17500, *et seq.*)**

24                                             81.

25         Plaintiffs hereby incorporate by reference the allegations contained in all preceding

26  paragraphs of this complaint.

Page 21  –      CLASS ACTION COMPLAINT            LARKINS VACURA KAYSER LLP
                                                 121 SW Morrison St., Suite 700
                                                 Portland, OR 97204
                                                 (503) 222-4424

**Exhibit 1**
**Page 21 of 26**

1                  82.

2        Plaintiff Stahr brings this claim individually and on behalf of the members of the

3   proposed California Subclass against Defendant.

4                  83.

5        California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.*, makes it

6   "unlawful for any person to make or disseminate or cause to be made or disseminated before

7   the public in this state, ... in any advertising device ... or in any other manner or means

8   whatever, including over the Internet, any statement, concerning ... personal property or

9   services, professional or otherwise, or performance or disposition thereof, which is untrue or

10   misleading and which is known, or which by the exercise of reasonable care should be known,

11   to be untrue or misleading."

12                  84.

13        Defendant committed acts of false advertising, as defined by §17500, by making the

14   misrepresentations alleged above, including the THC Claims.

15                  85.

16        Defendant knew or should have known the THC Claims were false, but continued to

17   manufacture and sell underfilled Select Elite Products in the retail and wholesale markets while

18   labeling the Products with the THC Claims.

19                  86.

20        Defendant's actions in violation of § 17500 were false and misleading such that the

21   general public is and was likely to be deceived.

22                  87.

23        Plaintiff Stahr and the California Subclass suffered economic injury as a direct and

24   proximate result Defendant's violation because: (a) they would not have purchased the THC

25   Products on the same terms if they had known that the Products were falsely labeled as alleged

26   herein; (b) they paid a price premium compared to products without the misrepresentations

Page 22  –    CLASS ACTION COMPLAINT         LARKINS VACURA KAYSER LLP
                                                      121 SW Morrison St., Suite 700
                                                      Portland, OR 97204
                                                       (503) 222-4424

**Exhibit 1**

**Page 22 of 26**

1   alleged herein; and (c) the THC Products did not have the characteristics, ingredients, uses,

2   benefits, or quantities as promised.

3                                                88.

4          On behalf of himself and other members of the California Subclass, Plaintiff Stahr seeks

5   to enjoin the unlawful acts and practices described herein and to recover actual damages,

6   restitution, and reasonable attorneys' fees.

7                              **PRAYER FOR RELIEF**

8          WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated,

9   seek judgment against Defendant, as follows:

10         a)   For an order certifying the Class under ORCP 32 and naming Plaintiffs as

11              representatives of the Class and Plaintiffs' attorneys as Class Counsel to

12              represent the Class members;

13         b)   For an order certifying the California Subclass under ORCP 32 and naming

14              Plaintiff Stahr as representative of the California Subclass and Plaintiffs'

15              attorneys as Class Counsel to represent the California Subclass members;

16         c)   For an order certifying the Oregon Subclass under ORCP 32 and naming

17              Plaintiff Blackford as representative of the Oregon Subclass and Plaintiffs'

18              attorneys as Class Counsel to represent the Oregon Subclass members;

19         d)   For an order declaring that Defendant's conduct violates the statutes and laws

20              referenced herein;

21         e)   For an order finding in favor of Plaintiffs, the Class, the California Subclass, and

22              the Oregon Subclass on all counts asserted herein;

23         f)   For compensatory damages in amounts to be determined by the jury, but in

24              excess of $10 million;

25         g)   For prejudgment interest on all amounts awarded;

26         h)   For an order of restitution and all other forms of equitable monetary relief;

Page 23  –     CLASS ACTION COMPLAINT

LARKINS VACURA KAYSER LLP
121 SW Morrison St., Suite 700
Portland, OR 97204
(503) 222-4424

**Exhibit 1**
**Page 23 of 26**

i)  For injunctive relief as pleaded or as the Court may deem proper;

j)  For an order awarding Plaintiffs, the Class, and the Oregon and California Subclasses their reasonable attorneys' fees and expenses and costs of suit; and

k)  For an order providing for such further relief as the Court may deem appropriate.

DATED: May 18, 2020.                    **LARKINS VACURA KAYSER LLP**

                                        /s Cody Hoesly
                                        Cody Hoesly, OSB No. 052860
                                        choesly@lvklaw.com
                                        Fax: (503) 827-7600

                                        **BURSOR & FISHER, P.A**.
                                        Frederick J. Klorczyk III (*Pro Hac Vice*
                                        forthcoming)
                                        Neal J. Deckant (*Pro Hac Vice* forthcoming)
                                        Brittany S. Scott (*Pro Hac Vice* forthcoming)
                                        1990 North California Blvd., Suite 940
                                        Walnut Creek, CA 94596
                                        Telephone: (925) 300-4455
                                        Facsimile: (925) 407-2700
                                        E-Mail: fklorczyk@bursor.com
                                        E-Mail: ndeckant@bursor.com
                                        E-Mail: bscott@bursor.com

                                        **BARBAT, MANSOUR, SUCIU AND TOMINA
                                        PLLC**
                                        Nick Suciu III (*Pro Hac Vice* forthcoming*)*
                                        6905 Telegraph Rd., Suite 115
                                        Bloomfield Hills, MI 48301
                                        Telephone: (313) 303-3472
                                        E-Mail: nicksuciu@bmslawyer.com

                                        *Attorneys for Plaintiffs*

Page 24 –    CLASS ACTION COMPLAINT              LARKINS VACURA KAYSER LLP
                                                 121 SW Morrison St., Suite 700
                                                 Portland, OR 97204
                                                 (503) 222-4424

**Exhibit 1**
**Page 24 of 26**

# BURSOR & FISHER
P.A.

1990 N. CALIFORNIA BLVD., SUITE 940
WALNUT CREEK, CA 94596
www.bursor.com

FREDERICK J. KLORCZYK III
Tel: 925.300.4455
Fax: 925.407.2700
fklorczyk@bursor.com

April 10, 2020

*Via Certified Mail – Return Receipt Requested*

Cura CS LLC
c/o Slinde & Nelson LLC
425 NW 10th Ave Ste 200
Portland, OR 97209

Cura CS LLC
115 SE Yamhill St.
Portland, OR 97214

Re:     *Notice and Demand Letter Pursuant to U.C.C. §§ 2-313, 2-314, 2-607;*
        *Oregon Unlawful Trade Practices Act, O.R.S. §§ 646, et seq.;*
        *California's Consumers Legal Remedies Act, Cal. Civil Code §§ 1750, et seq.; and*
        *all other applicable consumer protection statutes*

To Whom It May Concern:

        This letter serves as a preliminary notice and demand for corrective action by Cura CS LLC ("Cura") pursuant to U.C.C. § 2-607(3)(a) concerning breaches of express and implied warranties related to our clients, Brian Blackford, William Stahr, and a class of all similarly situated purchasers (the "Class") of Select Elite THC branded products (collectively, the "THC Products") claiming that the products purportedly contain between 80-90% THC potency and/or 400 mg to 900 mg of THC per cartridge (collectively, the "THC Claims"). This letter also serves as a notice of violation of the Oregon Unlawful Trade Practices Act, O.R.S. §§ 646, *et seq.*; the California Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, *et seq.*; the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.*; the California False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500, *et seq.*; and all other applicable federal and state laws.

        Our clients purchased "Select Elite THC Vape Cartridges." Prior to purchasing their Select Elite THC branded products, our clients reviewed information about the products, including the quantity of THC purportedly contained in each. Our clients also reviewed the accompanying labels, disclosures, warranties, and marketing materials, and understood them as representations and warranties by Cura that the THC Products contained the quantities of THC advertised. Our clients relied on these representations and warranties in deciding to purchase their THC Products over comparable products. But these representations were false, and our clients did not receive the quantity of THC they purchased. Independent lab testing reveals that

**Exhibit 1**
**Page 25 of 26**

BURSOR&FISHER
P.A.

the true quantity of THC in the THC Products is only a small fraction of these representations. Accordingly, Cura breached express and implied warranties made to our clients and the Class and violated the consumer protection statutes reference above.  *See* U.C.C. §§ 2-313, 2-314.

On behalf of our clients and the Class, we hereby demand that Cura (1) issue a mandatory recall of the THC Products, and (2) make full restitution to all purchasers of the THC Products of all purchase money obtained from sales thereof.

We also demand that Cura preserve all documents and other evidence which refer or relate to any of the above-described practices including, but not limited to, the following:

1.  All documents concerning the design, packaging, labeling, and manufacturing process for the THC Products;

2.  All tests of the THC Products, whether performed by Cura or any third-party entities;

3.  All documents concerning the pricing, advertising, marketing, and/or sale of the THC Products;

4.  All communications with customers involving complaints or comments concerning the THC Products;

5.  All documents concerning communications with any retailer involved in the marketing or sale of the THC Products;

6.  All documents concerning communications with federal or state regulators concerning the THC Products; and

7.  All documents concerning the total revenue derived from sales of the THC Products.

If you contend that any statement in this letter is inaccurate in any respect, please provide us with your contentions and supporting documents immediately upon receipt of this letter.

Please contact me right away if you wish to discuss an appropriate way to remedy this matter.  If I do not hear from you promptly, I will take that as an indication that you are not interested in doing so.

Sincerely,

Frederick J. Klorczyk III

**Exhibit 1**

**Page 26 of 26**

IN THE CIRCUIT COURT OF THE STATE OF OREGON FOR MULTNOMAH COUNTY

**BRIAN BLACKFORD, ET AL**

Plaintiff/Petitioner

vs.

**CURA CS LLC**

Defendant/Respondent

Cause No.:    **20CV18270**

Hearing Date:

DECLARATION OF SERVICE OF
**SUMMONS; CLASS ACTION COMPLAINT**

The undersigned hereby declares: That s(he) is now and at all times herein mentioned was a resident of the State of Oregon, over the age of eighteen, not an officer of a plaintiff corporation, not a party to nor interested in the above entitled action, has the authority to serve pleadings in the State named below, and is competent to be a witness therein.

On the **20th day of May, 2020** at **9:47 AM** at the address of **425 NW 10th Avenue, Suite 200, PORTLAND, Multnomah, OR 97209**; this declarant served the above described documents upon **CURA CS LLC c/o Slinde & Nelson LLC, REGISTERED AGENT**, by then and there personally delivering **1** true and correct copy(ies) thereof, by then presenting to and leaving the same with **Rachel Weed**, **RECEPTION, CLERK ON DUTY WHO IS AUTHORIZED TO ACCEPT IN THE OFFICE OF THE REGISTERED AGENT, who accepted service with direct delivery, with identity confirmed by subject stating their name, a brown-haired female approx. 35-45 years of age, 5'4"-5'6" tall and weighing 160-180 lbs.**

No information was provided or discovered that indicates that the subjects served are members of the U.S. military.

I hereby declare that the above statement is true to the best of my knowledge and belief, and that I understand it is made for use as evidence in court and is subject to penalty for perjury.

Date:   05/20/2020

**Edward Curtiss**
**11918 SE Division Street #333, Portland, OR 97266   503-727-3100**



REF:  **2756.001**

ORIGINAL DECLARATION
OF SERVICE

**Exhibit 2**
**Page 1 of 3**

Tracking #: **0053248751** PDX FIL



IN THE CIRCUIT COURT OF THE STATE OF OREGON FOR MULTNOMAH COUNTY

| | |
|---|---|
| **BRIAN BLACKFORD, ET AL** | Cause No.:    **20CV18270** |
| Plaintiff/Petitioner | |
| vs. | |
| **CURA CS LLC** | DECLARATION OF MAILING OF |
| Defendant/Respondent | **SUMMONS; CLASS ACTION COMPLAINT** |

The undersigned hereby declares: that I, Laurice Averill, am a legal resident of the State of Oregon, over the age of 18, and not party to, nor interested in the within entitled action. My business address is 11918 SE Division Street #333, Portland, OR 97266.

That on **May 20, 2020**, after substituted service was made on **May 20, 2020** to **Rachel Weed**, a **RECEPTION, CLERK ON DUTY WHO IS AUTHORIZED TO ACCEPT IN THE OFFICE OF THE REGISTERED AGENT, who accepted service with direct delivery, with identity confirmed by subject stating their name, a brown-haired female approx. 35-45 years of age, 5'4"-5'6" tall and weighing 160-180 lbs**, I completed service by depositing a true copy of the **SUMMONS;CLASS ACTION COMPLAINT**, marked with confirmation of date, time, and place of substituted service in the United States mail, by first class mail with proper postage attached.

That I addressed the envelope(s) as follows:

> CURA CS LLC
> c/o Slinde & Nelson LLC, REGISTERED AGENT
> 425 NW 10th Avenue, Suite 200
> PORTLAND, OR 97209

I hereby declare that the above statement is true to the best of my knowledge and belief, and that I understand it is made for use as evidence in court and is subject to penalty for perjury.

I executed this declaration on May 20, 2020 at Portland, OR.


*/s/ Laurice Averill*
_____

Declarant  Laurice Averill, 11918 SE Division Street #333, Portland, OR 97266. 503-727-3100.



**Exhibit 2**

**Page 2 of 3**

**IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF MULTNOMAH**

BRIAN BLACKFORD, and WILLIAM STAHR, individually and on behalf of all others similarly situated,

      Plaintiff,

      v.

CURA CS LLC,

             Defendant.

Case No. 20CV18270

CIVIL SUMMONS

To: Cura CS LLC, c/o Slinde & Nelson LLC, Registered Agent, 425 NW 10th Avenue, Suite 200, Portland, Oregon 97209

You are hereby required to appear and defend the complaint filed against you in the above entitled action within thirty (30) days from the date of service of this summons upon you, and in case of your failure to do so, for want thereof, plaintiff(s) will apply to the court for the relief demanded in the complaint.

**NOTICE TO THE DEFENDANT:
READ THESE PAPERS CAREFULLY!**

You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal paper called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service upon the plaintiff.

If you have questions, you should see an attorney immediately. If you need help in finding an attorney, you may call the Oregon State Bar's Lawyer Referral Service at (503) 684-3763 or toll-free in Oregon at (800) 452-7636.

_Cody Hoesly_

Cody Hoesly, OSB No. 052860
Trial Attorney
121 S.W. Morrison Street, Suite 700
Portland, Oregon 97204
(503) 222-4424

STATE OF OREGON       )
                      ) ss.
COUNTY OF MULTNOMAH  )

I, the undersigned attorney of record for the plaintiff, certify that the foregoing is an exact and complete copy of the original summons in the above entitled actions.

_Cody Hoesly_
Attorney for Plaintiff

TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS: You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed, and to make your proof of service on the reverse hereof or upon a separate similar document which you shall attach hereto.

_Cody Hoesly_
Attorney for Plaintiff

**Exhibit 2
Page 3 of 3**

## CERTIFICATE OF SERVICE

I certify that on June 18, 2020, I served or caused to be served a true and complete copy

of the foregoing **DECLARATION OF GRAHAM M. SWEITZER IN SUPPORT OF**

**NOTICE OF REMOVAL** on the party or parties listed below as follows:

    ☑    Via CM / ECF Filing

    ☑    Via First Class Mail, Postage Prepaid

    ☐    Via Email

| | |
|---|---|
| Cody Hoesly, OSB 052860<br>choesly@lvklaw.com<br>Larkins Vacura Kayser LLP<br>121 SW Morrison Street, Suite 700<br>Portland, OR 97204<br>503-222-4424 | Nick Suciu, *pro hac vice* forthcoming<br>nicksuciu@bmslawyer.com<br>Barbat, Mansour, Suciu and Tomina PLLC<br>6905 Telegraph Road, Suite 115<br>Bloomfield Hills, MI  48301<br>313-303-3472 |
| Frederick J. Klorczyk III, *pro hac vice* forthcoming<br>fklorczyk@bursor.com<br>Neal J. Deckant, *pro hac vice* forthcoming<br>ndeckant@bursor.com<br>Brittany Scott, *pro hac vice* forthcoming<br>bscott@bursor.com<br>Bursor & Fisher, P.A.<br>1990 North California Blvd., Suite 940<br>Walnut Creek, CA  94596<br>925-300-4455 | Attorneys for Plaintiffs |

Attorneys for Plaintiff

HARRANG LONG GARY RUDNICK P.C.

By:＿s/ Graham M. Sweitzer＿＿＿＿＿＿＿

    Graham M. Sweitzer, OSB #025866

    Of Attorneys for Defendant CURA CS LLC